# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 4, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | * | |
| JASON CLUBB, | * | No. 15-891V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Decision; Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Hourly Rate; Reduction of Billable |
| | * | Hours |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * | * | |

*Renée J. Gentry*, Vaccine Injury Clinic, George Washington University Law School, Washington, D.C., for Petitioner.
*Adriana R. Teitel*, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 18, 2015, Jason Clubb ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10 to 34 (2012) (the "Vaccine Act" or "Program"). Petitioner alleged that he suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of an influenza ("flu") vaccination. Pet. at 1, ECF No. 1. On August 15, 2017, the undersigned issued a decision dismissing Petitioner's claim on the grounds that the petition was filed untimely and equitable tolling did not apply to his claim. ECF No. 43.

On May 9, 2018, Petitioner filed a Motion for Attorneys' Fees and Costs ("AFC"). Pet'r's Mot. for AFC, ECF No. 52. Petitioner requests $57,548.76 in attorneys' fees and $535.96

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet**. As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

in costs, for a total amount of $58,084.72. *Id.* at 1. For the reasons discussed below, the undersigned awards Petitioner $41,427.48 in attorneys' fees and costs.

I. **Background**

Petitioner requests compensation for the work done by several attorneys. Initially, Petitioner was represented by the law firm of Maglio, Christopher & Toale ("MCT"), for which he requests $11,625.06 in attorneys' fees and costs. Pet'r's Mot. for AFC at 1, ECF No. 52. Petitioner was then represented by attorneys and law students from the George Washington University Law School Vaccine Injury Clinic ("GWU Vaccine Injury Clinic"), and he requests $27,874.20 in attorneys' fees for Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein and $18,076.50 in attorneys' fees for work performed by four law students. *Id.*

On May 23, 2018, Respondent filed a response to Petitioner's Motion for Attorneys' Fees and Costs. Resp't's Response, ECF No. 53. Regarding the work performed by MCT, Respondent stated that there was "an informal agreement" between Respondent and MCT wherein MCT "would request the agreed upon amount [of ] $9,000.00[] at the conclusion of the case[]" as fees and costs. *Id.* at 2. Regarding the work performed by the GWU Vaccine Injury Clinic, Respondent indicated "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent[,] . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 3. Respondent recommended that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs[.]" *Id.* at 4.

Petitioner did not file a reply. *See* Docket Rep. Instead, on June 24, 2018, Petitioner filed a Motion to Amend/Correct the Payable to Party in his Motion for Attorneys' Fees and Costs to reflect a single attorney of record, i.e., the GWU Vaccine Injury Clinic, ECF No. 54, which the undersigned granted. Non-PDF Order, docketed Jun. 29, 2018. On December 19, 2018, Petitioner submitted Ms. Sabrina Knickelbein's affidavit, ECF No. 56, per the undersigned's request. ECF No. 55.

This matter is now ripe for adjudication.

II. **Reasonable Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows for special masters to award "reasonable attorneys' fees, and other costs[.]" § 300aa–15(e)(1)(A)–(B). Petitioners may recover reasonable attorneys' fees and costs even if their claim is not successful if "the special master . . . determines that the petition was brought in good faith and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa–15(e)(1); *see also Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, it appears that reasonable basis existed at the time of filing. Respondent has also not contested the reasonable basis of the petition. *See* Resp't's Response, ECF No. 53. Accordingly, a final award of fees is appropriate.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial fee award calculation based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Motions for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such motions, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.* The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, and 2018 can be accessed online.[2]

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in

---

[2] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### A. Attorneys' Fees and Costs[3] Sought by MCT

Petitioner was initially represented by MCT in this matter. Prior to filing a motion to withdraw as counsel, MCT reached an informal agreement with Respondent as to the fees and costs incurred by MCT for work on this case. Pet'r's Mot. for AFC at 22–23, ECF No. 52. "In informal discussions, Respondent raised objections to certain items[,]" so MCT indicated they would "request reimbursement for case costs and payment of attorneys' fees in the amount of $9,000.00[]" at the conclusion of the case. *Id.*; *see also* Resp't's Response at 2, ECF No. 53. Respondent has no objection to the agreed upon $9,000.00 requested by MCT, Resp't's Response at 2, and the undersigned finds the amount reasonable.

### B. Attorneys' Fees Sought by the GWU Vaccine Injury Clinic

#### a. Hourly Rates

Petitioner requests the following rates of compensation for the GWU Vaccine Injury Clinic attorneys and law students who worked on this matter:

Clifford Shoemaker:[4]
    2016 – $430
    2017 – $440
    2018 – $455

Renee Gentry:[5]
    2016 – $415
    2017 – $430
    2018 – $439

Sabrina Knickelbein:[6]
    2016 – $365
    2017 – $378
    2018 – $396

Four Law Students:[7]
    2016 through 2017 – $145

---

[3] The GWU Vaccine Injury Clinic has not incurred any costs in this litigation. Thus, the only costs requested are those incurred by MCT.
[4] Pet'r's Mot. for AFC at 3–8, ECF No. 52.
[5] *Id.* at 8–9.
[6] *Id.* at 9–10.
[7] *Id.* at 11–16.

### Mr. Shoemaker

Mr. Shoemaker is an Adjunct Professor of Clinical Law at the GWU Law School and is Co-Director of the GWU Vaccine Injury Clinic. Pet'r's' Mot. for AFC at 21, ECF. No. 52. Mr. Shoemaker has forty-five years of experience and "has handled hundreds of cases in the [Vaccine] program." *Id.* His hourly rates are consistent with the range of rates approved in *McCulloch* for attorneys with more than 31 years of experience,[8] and the undersigned finds them reasonable.

### Ms. Gentry

Ms. Gentry is an Adjunct Professor of Clinical Law at the GWU Law School and is Co-Director of the GWU Vaccine Injury Clinic. *Id.* at 19. Ms. Gentry has twenty-three years of experience and "ha[s] practiced solely in vaccine litigation since 2001." *Id.* The hourly rates requested for 2016 and 2018 are consistent with the range of rates approved in *McCulloch* for attorneys with 20–30 years of experience, and the undersigned finds them reasonable. The hourly rate requested for 2017, however, is higher than the rates approved in *McCulloch*. Recently, in *Parker*, Chief Special Master Dorsey considered a motion for attorneys' fees for Ms. Gentry, awarding her with an hourly rate of $424 for work performed in 2017. *Parker v. Sec'y of Health & Human Servs.*, No. 02-1553V, 2018 WL 3433739, at *2 (Fed. Cl. June 19, 2018). Accordingly, the undersigned will award Ms. Gentry $424 per hour for work performed in 2017.

### Ms. Knickelbein

Ms. Knickelbein has fifteen years of experience and "ha[s] worked on hundreds of vaccine cases." Ms. Knickelbein's Affidavit, ECF No. 56-1. Her hourly rates are consistent with the range of rates approved in *McCulloch* for attorneys with 11–19 years of experience, and the undersigned finds them reasonable.

### Law Students

According to Petitioner, the four law students who worked on this matter are "admitted as . . . student-attorney[s] in the United States Court of Federal Claims, pursuant to the Rules of the Court." Pet'r's' Mot. for AFC at 20, ECF. No. 52. The law students here are similar to those in *McCulloch*. The law students in *McCulloch* worked at the firm under supervision of the firm attorneys and the court awarded them $145 per hour. *McCulloch*, 2015 WL 5634323, at *21. The undersigned therefore finds that the same rate of $145 per hour for the work performed by the law students supervised by the GWU Vaccine Injury Clinic is reasonable.

b. **Reduction of Billable Hours**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*,

---

[8] *See supra* note 2.

461 U.S. at 434). In total, Petitioner requests compensation for 26.3 hours of work expended by Mr. Shoemaker, 36.75 hours expended by Ms. Gentry, 2.1 hours expended by Ms. Knickelbein, and 119.4 hours expended by the law students.

The undersigned has reviewed the billing records and finds that the requested hours require several adjustments for issues which have consistently been noted in motions for fees and costs submitted for the work of Mr. Shoemaker, Ms. Gentry, Ms. Knickelbein, and GWU Vaccine Injury Clinic law students. Specifically, Petitioner requests compensation for clerical and administrative work, including filing documents on CM/ECF, downloading documents, and uploading documents to the GWU Vaccine Injury Clinic's Box. Petitioner also requests compensation at an attorney's hourly rate for paralegal work. Moreover, many of counsel's billing records are vague. The amount of time spent by counsel on certain tasks was also excessive. Some of the work performed by law students constitutes block billing. And counsel's billing records contain numerous entries which are unnecessary because they constitute intraoffice communications among the three attorneys and four law students.

For these reasons, and after carefully reviewing Petitioner's motion for fees and costs, the undersigned reduces Petitioner's attorneys' fees award. In making reductions, a line-by-line evaluation of the fee application is not required. *Wasson*, 24 Cl. Ct. at 484. Rather, special masters may "render a decision based on general guidelines as to a reasonable fee in the context of the Vaccine Program and of this case in particular." *Id.* at 483–84.

### i.   Clerical and Administrative Work

Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fees rates."). Clerical and administrative work includes tasks such as setting up meetings, reviewing invoices, filing documents, and researching basic aspects of the Vaccine Program, "for which neither an attorney nor a paralegal should charge." *Hoskins v. Sec'y of Health & Human Servs.*, No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); *see also Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *13–14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system."); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that a paralegal billed for "administrative tasks, including . . . filing exhibits" which are not compensated in the Vaccine Program); *Silver v. Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

Petitioner's counsel's billing records contain numerous entries that are best characterized as clerical and administrative work. For example, Mr. Shoemaker billed time for reviewing the status of research conducted by members of staff. *See* Pet'r's Mot. for AFC at 4–5, ECF No. 52.

Further, the law students billed time for downloading and uploading files into the GWU Vaccine Injury Clinic's Box, for filing hard copies of their exit memo, for updating the materials included in the Box, and for checking CM/ECF for updates—tasks that are routine clerical activities generally performed by paralegals at a law firm and which are not compensable in the Vaccine Program. *Rochester*, 18 Cl. Ct. at 387; *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). At least 7.2 hours of Petitioner's billable time are best characterized as such work, and the undersigned finds that this supports a reduction in attorneys' fees.

### ii. Paralegal Time

Attorneys in the Vaccine Program are permitted to perform and bill for paralegal-level work, but such work must be billed at a rate that is comparable to what would be paid for a paralegal performing the same task. *Doe ex rel. Estate of Doe v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (*citing Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)) ("[T]he rate at which [certain] work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed."). Paralegal tasks include routine letter-writing, medical record requests and authorizations, preparation of exhibits for filing, organization of medical records and exhibits, and preparation of routine filings. *Id.*

Here, although Ms. Knickelbein billed at attorney rates for all work performed, the billing entries reveal that said work was entirely paralegal. She never billed greater than 0.1 hour for any individual entry, and all her entries are for review of routine court filings. Pet'r's Mot. for AFC at 9–10, ECF No. 52. The undersigned also finds that Ms. Gentry billed one-and-a-half hours at her attorney rate for work that is more appropriately classified as paralegal. Specifically, Ms. Gentry billed time for drafting the "Entry of Appearance Pro Se" and the "Affidavit of Appointment," two standard court filings. *Id.* at 8. Ms. Gentry also billed time to follow up with medical providers regarding Petitioner's records. *Id.* at 8–9. The undersigned therefore finds that a reduction in attorneys' fees is warranted.

### iii. Vague Entries

Decreasing an award of attorneys' fees for vagueness has been found to be reasonable. *Mostovoy v. Sec'y of Health & Human Servs.*, 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).; *Barry v. Sec'y of Health and Human Servs.*, 12–39V, 2016 WL 6835542, at *7 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by ten percent due to vague billing entries). A motion for fees and costs must sufficiently detail and explain the time billed "to allow a special master to determine . . . whether th[e] amounts [requested] are reasonable." *Rodriguez v. Sec'y of Health & Human Servs.*, 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mast. June 27, 2009) (citing *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989)). The burden is on petitioners "to document the fees . . . claimed." *Id.*

The undersigned finds the number of vague billing entries made by the attorneys and law students of the GWU Vaccine Injury Clinic disconcerting. This is an issue which has been raised several times by multiple special masters, but which counsel has failed to take into consideration

7

when billing.  *See Dominguez v. Sec'y of Health & Human Servs.*, No. 12-378V, 2018 WL 3028975, at *3 (Fed. Cl. Spec. Mstr. May 25, 2018); *Brodie v. Sec'y of Health & Human Servs.*, No. 17-437V, 2018 WL 3991233, at *3 (Fed. Cl. Spec. Mstr. June 26, 2018); *Eworonsky v. Sec'y of Health & Human Servs.*, No. 04-992V, 2018 WL 2225379, at *4 (Fed. Cl. Spec. Mstr. Apr. 20, 2018); *Cianni v. Sec'y of Health & Human Servs.*, No. 16-1052V, slip op. at 3 (Fed. Cl. Spec. Mstr. Sept. 21, 2018); *Rogero v. Sec'y of Health & Human Servs.*, No. 11-770V, slip op. at 4 (Fed. Cl. Spec. Mstr. Aug. 22, 2018).  Unfortunately, the issue has not been corrected in the instant case.

Mr. Shoemaker billed 1.4 hours over 14 separate billing entries to "review [a] pleading" or to "review [an] order," without providing any further description as to what Mr. Shoemaker was reviewing or why.  *See* Pet'r's Mot. for AFC at 3–8, ECF No. 52.  The law students' billing records also show several vague entries, including 10.7 hours for "file review," "pleading review," and "document review."  *Id.* at 11–14.  Such vague entries do not allow the undersigned to determine the reasonableness of the time spent or how various tasks were relevant to the case.  Instead, billing entries should be sufficiently detailed so that the undersigned may determine the amount of time being spent and the work being performed.  Accordingly, the undersigned finds that this warrants a reduction of fees for attorney and law student hours.

### iv.     Block Billing

Block billing or grouping several tasks into one entry without providing sufficient detail as to what each task entailed is disfavored.  *Broekelschen*, 2008 WL 5456319, at *13–14 (reducing petitioner's attorneys' fees and criticizing her for block billing); *see also Jeffries v. Sec'y of Health & Human Servs.*, 99-670V, 2006 WL 3903710, *8–9 (Fed Cl. Spec. Mstr. Dec. 15, 2006); *Mostovoy*, 2016 WL 720969, at *6.  The Vaccine Program's Guidelines for Practice also state that "[e]ach task should have its own line entry indicating the amount of time spent on that task.  Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request."  Office of Special Masters, *Guidelines for Practice Under the National Vaccine Injury Compensation Program* (Rev. Ed. 2019) § X.3.B.1.b.[9]

Ms. Gentry billed two hours for "review[ing] research," without providing what that research entailed.  Pet'r's Mot. for AFC at 9, ECF No. 52.  Billing records for the law students also indicate that some of their time was block billed.  For instance, two of the students billed five hours for "review[ing] medical records," while another billed two hours for "drafting [an] affidavit."  *Id.* at 12.  Because block billing is not permitted, the undersigned finds that this supports a reduction in attorneys' fees.

### v.     Excessive Hours

The undersigned finds the overbilling on multiple tasks, even considering the law students' relative inexperience in conducting legal research or drafting legal documents, extremely troubling.  For instance, the law students collectively billed 4.7 hours for conducting legal research into equitable tolling.  *Id.* at 11–12.  Ms. Gentry and the law students collectively

---

[9] Available at https://www.uscfc.uscourts.gov/vaccine-guidelines.

billed 6.6 hours for reviewing the "equitable tolling pleading." *Id.* at 8, 12–13. One student also billed eight hours for conducting legal research relating to Petitioner's response to Respondent's motion to dismiss. *Id.* at 12. Further, Mr. Shoemaker and the law students collectively billed 10.5 hours for drafting and reviewing Petitioner's response to Respondent's motion to dismiss. *Id.* at 5–6, 11–13. Special masters have consistently ruled that attorneys, even those who have previously not worked on Vaccine Program cases, may not bill the Program for time spent engaging in professional development relative to their inexperience with the Vaccine Program. *Nash v. Sec'y of Health & Human Servs.*, No. 15-1587V, 2018 WL 2224885, at *4 (Fed. Cl. Spec. Mstr. Feb. 5, 2018); *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).

While it is understandable that the law students would be unfamiliar with the procedures of the Vaccine Program as well as the equitable tolling doctrine, these tasks should not be billed to the Program. Petitioner's counsel is an extremely experienced practitioner in the Vaccine Program, as are her associates, and counsel is holding these law students out as though they are firm paralegals and charging near the top of the range for in-forum paralegals. However, "[a]n inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04–1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Because counsel could not ethically bill a client for time spent familiarizing themselves with the Program (particularly because of their extensive Vaccine Program experience), neither can individuals under their employ, whether they are paralegals or law students performing the work of paralegals on behalf of experienced attorneys. Overall, these billing entries are non-compensable, and the undersigned finds that they warrant a reduction in attorneys' fees.

### vi. Unnecessary Time Billed

Even more disconcerting are the hours billed for time spent on intraoffice communications, including e-mails, intraoffice discussions, and numerous meetings with law students. "Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)); *see also Davis v. Sec'y of Health & Human Servs.*, No. 15-159V, 2017 WL 877277, at *6 (Fed. Cl. Spec. Mstr. Feb. 7, 2017) (finding the billing pattern for intraoffice meetings and e-mails "disturbing" and reducing the attorneys' fees by twenty percent).

The number of hours billed by Mr. Shoemaker, Ms. Gentry, and all four law students for "team meetings" is particularly egregious. Each page of Petitioner's billing records is riddled with duplicative entries detailing e-mails and case meetings between multiple attorneys and students. *See* Pet'r's Mot. for AFC at 3–18, ECF No. 52. Mr. Shoemaker billed a total of 8.6 hours for participating in team meetings, intraoffice discussions, and intraoffice e-mails. *Id.* at 3–8. Ms. Gentry billed three hours for the same. *Id.* at 8–9. The law students also billed a whopping 26.7 hours for intraoffice meetings and e-mails. *Id.* at 11–18. In total, Petitioner requests attorneys' fees for 38.3 hours of work, all of which constitute intraoffice discussion about the case. There are also numerous entries where Mr. Shoemaker billed time for preparing for team meetings and for reviewing the work of law students. Specifically, Mr. Shoemaker

9

billed 1.4 hours for preparing for team meetings and one-and-a-half hours for reviewing "student assignments." *Id.* at 3–8.

The GWU Vaccine Injury Clinic has been admonished on several occasions by multiple special masters to submit appropriate billing documentation. Counsel is aware of the additional time special masters must spend reviewing the GWU Vaccine Injury Clinic's vague billing records and the delay that it causes in the issuance of decisions. The Clinic has also been repeatedly reprimanded for billing time spent on intraoffice communications.

For all the above reasons, the undersigned finds the overall billing in this case so excessive and unnecessary as to warrant a 22.5 percent reduction of the attorneys' fees for Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein, resulting in a reduction from awarded fees in the amount of $6,265.62.[10] The undersigned also finds that a reduction of forty percent of the law-student attorney hours is appropriate, resulting in a reduction of $7,230.60.[11] This reduction takes into account what has been done in prior cases and also the GWU Vaccine Injury Clinic's refusal to submit appropriate billing records despite multiple requests by special masters to do so. Petitioner's counsel is also warned that if these billing documentation issues have not been corrected in the Clinic's future attorneys' fees and costs motions, the undersigned will be compelled to continue to make a greater reduction in attorneys' fees.

### III. Conclusion

Based on all the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---:|
| Attorneys' Fees & Costs Requested by MCT | $11,625.06 |
| (Reduction based on informal agreement with Respondent) | - $2,625.06 |
| **Total Attorneys' Fees & Costs Awarded for work performed by MCT** | **$9,000.00** |
| | |
| Attorneys' Fees Requested by the GWU Vaccine Injury Clinic | $45,923.70 |
| (Reduction to Attorney Hours) | - $6,265.62 |
| (Reduction to Law Student Hours) | - $7,230.60 |
| **Total Attorneys' Fees Awarded for work performed by the GWU Vaccine Injury Clinic** | **$32,427.48** |
| | |
| **Total Amount Awarded** | **$41,427.48** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **the total of $41,427.48, representing $32,427.48 in attorneys' fees for the GWU Vaccine Injury Clinic and $9,000 in attorneys' fees and costs for MCT, in the form of a check made payable to the GWU Vaccine Injury Clinic, for attorneys' fees and costs**.

---

[10] $27,847.20 * 0.225 = $6,265.62.
[11] $18,076.50 * 0.4 = $7,230.60.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[12]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[12] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).